LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

DIANA LUGO, *on behalf of herself, FLSA
Collective Plaintiffs and the Class,*

      Plaintiff,

      v.

CHHAYA NEWS INC
      d/b/a FRESH JUICE BAR,
NEWS AT 31, INC.
      d/b/a ASTORIA SMOKE SHOP,
A&P LOTTERY STORE INC
      d/b/a JAKS CORNER,
MINAKSHI PATEL
and ASHOK PATEL,

      Defendants.

---

Case No.:

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Jury Trial Demanded

      Plaintiff, DIANA LUGO ("Plaintiff"), on behalf of herself and others similarly situated, by and through the undersigned attorneys, hereby files this class and collective action Complaint against Defendants, CHHAYA NEWS INC d/b/a FRESH JUICE BAR, NEWS AT 31, INC. d/b/a ASTORIA SMOKE SHOP, A&P LOTTERY STORE INC d/b/a JAKS CORNER ("Corporate Defendants"), MINAKSHI PATEL and ASHOK PATEL ("Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

1

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff also alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

3.      Plaintiff further alleges that, pursuant to New York Executive Law § 296 ("NYHRL"), and New York City Administrative Code § 8-107 ("NYCHRL"), she is entitled to damages and other relief from Defendants for: creating and fostering a hostile work environment through persistent sexual harassment against Plaintiff.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6.      Plaintiff, DIANA LUGO, is a resident of New York County, New York.

7.      The Defendants operate three (3) food convenience establishments. The establishments are operated under the following trade names and locations:

    a)   CHHAYA NEWS INC d/b/a FRESH JUICE BAR;

    b)  NEWS AT 31, INC. d/b/a ASTORIA SMOKE SHOP; and

    c)  A&P LOTTERY STORE INC d/b/a JAKS CORNER

(collectively, the "Stores").

8.     The Stores operate as a single integrated enterprise. Specifically, the Stores engaged or engage in related activities, share common ownership and have a common business purpose:

- The Stores are commonly owned and operated as a family business by Individual Defendants, MINAKSHI PATEL and ASHOK PATEL, who have the same last name, "Patel";

- Food, beverages and other consumable products are interchangeable amongst the Stores; and

- Employees are interchangeable amongst the Stores. Plaintiff was, on occasion, required to travel between the Stores to transfer store supplies.

9.     Corporate Defendants:

    a)  CHHAYA NEWS INC d/b/a FRESH JUICE BAR, is a domestic business corporation organized under the laws of the State of New York, with an address for service of process and a principal place of business located at 153 West 27th Street, New York, NY 10001;

    b)  NEWS AT 31, INC. d/b/a ASTORIA SMOKE SHOP, is a domestic business corporation organized under the laws of the State of New York, with an address for service of process and a principal place of business located at 22-44 31st Street, Astoria, NY 11105.

    c)  A&P LOTTERY STORE INC d/b/a JAKS CORNER, is a domestic business corporation organized under the laws of the State of New York, with an address

for service of process and a principal place of business located at 73-02 37th Avenue, Jackson Heights, NY 11372.

10.     Individual Defendant MINAKSHI PATEL is one (1) of the two (2) key principals and owner of all Corporate Defendants. MINAKSHI PATEL exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. MINAKSHI PATEL had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all relevant times, employees could complain to MINAKSHI PATEL regarding any of the terms of their employment, and MINAKSHI PATEL would have the authority to effect any changes to the quality and terms of their employment. MINAKSHI PATEL ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. MINAKSHI PATEL had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class Members and could reprimand employees.

11.     Individual Defendant ASHOK PATEL is one (1) of the two (2) key principals and owner of all Corporate Defendants. ASHOK PATEL exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. ASHOK PATEL had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all relevant times, employees could complain to ASHOK PATEL regarding any of the terms of their employment, and ASHOK PATEL would have the authority to effect any changes to the quality and terms of their employment. ASHOK

4

PATEL ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. ASHOK PATEL had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class Members and could reprimand employees.

12.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff bring claims for relief as a collective action pursuant to FLSA Section l 6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, (including but not limited to delivery persons, catering personnel, porters, bussers, cooks, line-cooks, dishwashers, food preparers, cashiers, delivery persons and counter persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

16.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees, (including but not limited to delivery persons, catering personnel, porters, bussers, cooks, line-cooks, dishwashers, food preparers, cashiers, delivery persons and counter persons) employed by Defendants at the Stores on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the title of the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

19.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more

than forty (40) members of the Class.

20.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay the proper wages, (ii) failing to pay overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, (iii) failing to pay spread of hours premium, (iv) failing to provide Class members with proper wage statements with every payment of wages, and (v) failing to properly provide wage notices to Class members, at date of hiring and dates of all wage changes, per requirements of the NYLL.

21.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.    Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

c)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

d)    Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL;

e)    Whether Defendant properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

f)    Whether Defendants provided proper wage and hour notice to employees, at the beginning of employment and annually thereafter pursuant to the requirements of the NYLL;

g)    Whether Defendant provided to Plaintiff and Class members proper wage statements with each payment of wages as required by NYLL;

h)    Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

i)    Whether Defendants failed to properly compensate Class Members for their overtime compensation; and

j)    Whether Defendants paid Plaintiff and the Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

9

## STATEMENT OF FACTS

*Wage and Hour Allegations*

26.     On or about June 25, 2019, Plaintiff, DIANA LUGO, was hired by Defendants to work as a juice maker for Defendants' Fresh Juice Bar, located at 204 West 35th Street, New York, NY 10001. Plaintiff was, on occasion, required to travel between the Stores to transfer store supplies. Plaintiff's employment with the Defendants was terminated on or about August 1, 2019.

27.     Throughout her employment, Plaintiff was scheduled to work Mondays to Wednesdays from 7:00 a.m. to 5:30 p.m. and Thursdays to Saturdays from 7:00 a.m. to 11 p.m., for a total of seventy-nine-and-one half (79.5) hours per week.

28.     Throughout her employment, Plaintiff was paid at a straight-time rate of eight ($8.00) dollars per hour, regardless of how many hours he worked each workweek. However, there was never any agreement that Plaintiff's fixed weekly salary was intended to cover the overtime hours in excess of forty (40) that he worked. FLSA Collective Plaintiffs and Class members were similarly paid on an straight-time basis and were not compensated their overtime premium of time and a half for all hours worked over forty (40), even though there was never any agreement that their regular hourly rate would cover overtime hours. Thus, Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

29.     Throughout her employment, Plaintiff worked in excess of ten (10) hours every workday, but she was not compensated her spread of hours premium. FLSA Collective Plaintiffs and Class members worked similar hours that regularly exceeded ten (10) per day and were not compensated their spread of hours premium. Thus, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

30.    Throughout her employment, Defendants paid Plaintiff, the FLSA Collective Plaintiffs and the Class members, less than the New York State minimum wage. Knowing that eight ($8.00) dollars per hour is illegal, Defendants willfully paid Plaintiff her wage in cash only, the determination of which was under complete control by the Defendants. FLSA Collective Plaintiffs and Class members were similarly paid in cash, which was at the sole discretion of Defendants.

31.    Plaintiff and Class members did not receive wage statements that were in compliance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they failed to provide proper wage statements for each payment period. In other words, Plaintiff and Class members did not receive proper wage statements, as their statements failed to accurately reflect the number of hours worked and their proper compensation.

32.    Defendants failed to provide Plaintiff and the Class members with wage notices at hiring and at dates of all wage changes thereafter. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring in violation of the NYLL.

33.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members the New York State minimum wage under the NYLL.

34.    Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate for hours worked in excess of forty (40) in each workweek, to Plaintiff, FLSA Collective Plaintiffs and Class members.

35.    Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premiums to Plaintiff and Class members, in violation of the NYLL.

36.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

37.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

*Sexual Harassment and Assault Allegations*

38.     In addition to the wage and hour violations, Defendants also created and fostered a hostile work environment in the form of regular and horrifying sexual harassment, culminating in sexual assault.

39.     Throughout her employment with Defendants, Plaintiff primarily worked in the same location as Vinar [Last Name Unknown], a manager of Fresh Juice Bar.

40.     Plaintiff was subject to regular sexual harassment from Vinar throughout her employment.  Vinar's harassment of Plaintiff took many and varied forms. Vinar regularly asked Plaintiff out and frequently made sexual remarks at her including "sex," "fuck" and "bitch."

41.     Over time, the nature of Vinar's harassment of Plaintiff became more aggressive. He began making physical contact with Plaintiff in a sexual manner.  Vinar started touching her back, legs and buttocks mildly. Plaintiff pushed Vinar's hand away, but Vinar repeated this behavior on many occasions in spite of Plaintiff's protests.

42.     Vinar's harassment continued to escalate.  Vinar would regularly approach Plaintiff at work and grab her buttocks, in addition to touching her legs and back.  Plaintiff would complain and push him away, but Vinar persisted. Vinar tried to kiss Plaintiff on many occasions, despite Plaintiff's protests.

43.     By the end of Plaintiff's employment with Defendants, Plaintiff was in fear of

Vinar's regular sexual harassment and assault that she had to choose between keeping her job and being sexually assaulted. Plaintiff was and continues to be highly traumatized by her experiences with Vinar and Fresh Juice Bar, and continues to suffer from stress and depression as a consequence.

44.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

45.    Plaintiffs reallege and reaver Paragraphs 1 through 44 of this class and collective action Complaint as if fully set forth herein.

46.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

47.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

48.    At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.

49.    At all relevant times, Plaintiff and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

50.     At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked.

51.     At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

52.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

53.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

55.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

56.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

14

57.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

58.    Plaintiff realleges and reaver Paragraphs 1 through 57 of this class and collective action Complaint as if fully set forth herein.

59.    At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

60.    Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the minimum wage required by the NYLL.

61.    Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

62.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

63.    Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class members, as required by NYLL § 195(1). In fact, Defendants did not provide any wage statements to Plaintiff and Class members at all.

64.    Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by NYLL § 195(3). In fact, Defendants did not provide any wage statements to Plaintiff and Class members at all.

65.    Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime compensation, unpaid

spread of hours premium, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

### <u>VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW</u>

66.     Plaintiff realleges and reaver Paragraphs 1 through 65 of this class and collective action Complaint as if fully set forth herein.

67.     At all relevant times, Plaintiff was an employee within the meaning of the NYHRL.

68.     At all relevant times, Defendants were and continue to be an employer within the meaning of the NYHRL.

69.     At all relevant times, Defendants had at least four (4) persons in its employ, and therefore Defendants and their agents and employees were and are required to comply with the NYHRL.

70.     Section 296(1)(a) of the NYHRL prohibits employers from discriminating against an employee because of sex "in terms, conditions or privileges of employment."

71.     Section 296(6) of the NYHRL provides that it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

72.     Defendants violated the NYHRL by discriminating against the terms, conditions, and privileges of Plaintiff's employment through the creation and maintenance of a hostile work environment.

73.     This hostile work environment was created and fostered through pervasive and regular sexual harassment in the form of comments and behavior directed towards Plaintiff.

16

74.    The hostile work environment was sufficiently severe and pervasive to unreasonably interfere with Plaintiff's employment and/or create an intimidating, hostile, and offensive work environment for Plaintiff.

75.    Defendants were on notice of the conduct constituting the hostile work environment and took no action to resolve it. Specifically, Plaintiff complained to her supervisors and other management personnel about the abuse she was subject to, but management took no steps to stop it. Defendants' failure to address the hostile work environment constituted a violation of Section 296(1)(a) of the NYHRL.

76.    Vinar's comments and behavior in furtherance of the hostile work environment to which Plaintiff was submitted was in violation of Section 296(6) of the NYHRL.

77.    Defendants were involved in the promotion, demotion, hiring, and firing of Plaintiff, Vinar, and other employees, were aware of Plaintiff's complaints and took no action upon them, in violation of Section 296(6) of the NYHRL.

78.    The discrimination described herein occurred with malice and reckless disregard of Plaintiff's rights.

79.    As a direct and proximate result of said discrimination, Plaintiff suffered and continues to suffer actual damages in forms including specifically but without limitation loss of past and future earnings, mental anguish, and pain and suffering. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of punitive damages, interest, attorney's fees, and costs, as provided for under the NYHRL.

**COUNT IV**

**VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW**

80.     Plaintiff realleges and reaver Paragraphs 1 through 79 of this class and collective action Complaint as if fully set forth herein.

81.     At all relevant times, Plaintiff was an employee within the meaning of the NYCHRL.

82.     At all relevant times, Defendants had at least four (4) persons in their employ, and therefore Defendants and their agents and employees were and are required to comply with the NYCHRL.

83.     Section 8-107(1)(a)(3) of the NYCHRL prohibits employers from discriminating against an employee because of sex "in terms, conditions or privileges of employment."

84.     Section 8-107(6) of the NYCHRL provides that it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

85.     Defendants violated the NYCHRL by discriminating against the terms, conditions, and privileges of Plaintiff's employment through the creation and maintenance of a hostile work environment.

86.     This hostile work environment was created and fostered through pervasive and regular sexual harassment in the form of comments and behavior directed towards Plaintiff.

87.     The hostile work environment was sufficiently severe and pervasive to unreasonably interfere with Plaintiff's employment and/or create an intimidating, hostile, and offensive work environment for Plaintiff.

18

88.     Defendants were on notice of the conduct constituting the hostile work environment and took no action to resolve it.  Specifically, Plaintiff complained to her supervisors and other management personnel about the abuse she was subject to, but management took no steps to stop it.  Defendants' failure to address the hostile work environment constituted a violation of Section 8-107(1)(a)(3) of the NYCHRL.

89.     Vinar's comments and behavior in furtherance of the hostile work environment to which Plaintiff was submitted was in violation of Section 8-107(6) of the NYCHRL.

90.     Defendants were involved in the promotion, demotion, hiring, and firing of Plaintiff and other employees, were aware of Plaintiff's complaints and took no action upon them, in violation of Section 8-107(6) of the NYCHRL.

91.     The discrimination described herein occurred with malice and reckless disregard of Plaintiff's rights.

92.     As a direct and proximate result of said discrimination, Plaintiff suffered and continues to suffer actual damages in forms including specifically but without limitation loss of past and future earnings, mental anguish, and pain and suffering.  Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of punitive damages, interest, attorney's fees, and costs, as provided for under the NYCHRL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a)    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of unpaid minimum wages due under the FLSA and NYLL;

d) An award of unpaid overtime compensation due under the FLSA and the NYLL;

e) An award of unpaid "spread of hours" premium due under the NYLL;

f) An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

h) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay "spread of hours" premium pursuant to the NYLL;

i) An award of damages as a result of Defendants' failure to address the hostile work environment pursuant to the NYHRL;

j) An award of damages as a result of Defendants' failure to address the hostile work environment pursuant to the NYCHRL;

k) An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l) Designation of Plaintiff as the Representatives of the FLSA Collective Plaintiffs;

m) Designation of this action as a class action pursuant to FRCP 23;

n) Designation of Plaintiff as Representatives of the Class; and

m) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.


Dated: July 9, 2020


                    Respectfully submitted,

                    By: */s/ C.K. Lee*          
                    LEE LITIGATION GROUP, PLLC
                    C.K. Lee (CL 4086)
                    Anne Seelig (AS 3976)
                    148 West 24th Street, Eighth Floor
                    New York, NY 10011
                    Tel.: 212-465-1188
                    Fax: 212-465-1181
                    *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*